```
                  IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION

CARY RATNER,                    )
                                )
                  Plaintiff,    )
                                )
     v.                         )      No.  08 C 6928
                                )
M&M CONTROL SERVICE, INC.,      )
                                )
                  Defendant.    )
```

## MEMORANDUM ORDER

M&M Control Service, Inc. ("M&M Control") has filed, in addition to motions for summary judgment and for transfer noticed up for future presentment, its Answer and Counterclaim to the patent infringement Complaint filed against it by plaintiff Cary Ratner ("Ratner"). This brief memorandum order is triggered by problematic aspects of that responsive pleading.

At several places (Answer ¶¶1, 6 and 9) M&M Control seeks to get the benefit of a deemed denial afforded by Fed. R. Civ. P. ("Rule") 8(b)(5). But in doing so its counsel fails to track the provisions of that Rule--see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

Moreover, M&M Control's counsel compounds that noncompliance by following the attempted disclaimer with the phrase "and, therefore, denies same and puts Ratner to his proof." Apart from the archaic and needless "and puts Ratner to his proof," such a denial is oxymoronic. How can a party that asserts (presumably in good faith) that it lacks even enough information to form a

belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Finally, there are a number of problems with the laundry list of some 10 affirmative defenses that have been appended following the Answer--in that respect, see App. ¶5 to State Farm. But because of the possibility of transfer raised by M&M Control's contemporaneous notice, this Court will defer addressing any such problems until it determines whether the case will stay in this judicial district or not.

In that last respect, M&M Control's selection of a January 29 presentment date (one that coincides with a previously-set status date) is too far out--and it violates the LR that prescribes more expedited treatment to boot. Accordingly the motion to transfer under 28 U.S.C. §1404(a) is reset to be heard at 9:15 a.m. January 12, 2009.

                                        _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: January 5, 2009